Exhibit "A"

## GENERAL RELEASE AND WAIVER OF CLAIMS AGREEMENT

This General Release and Waiver of Claims Agreement ("Agreement") is entered into between, Plaintiff, PLAINTIFF ("PLAINTIFF"), and Defendants, It's Not the Same USA, LLC d/b/a Desigual and Isabel Aparicio ("DEFENDANTS"). This Agreement shall at all times include and protect the DEFENDANTS (and all of the DEFENDANT's related domestic and foreign business entities, affiliated entities, corporations, partnerships, limited liability companies, clients, insurers, and subsidiaries) as well as all current and former directors, officers, owners, shareholders, partners, principals, members, board members, employees, clients, assigns and successors in interest, representatives, agents, attorneys, and insurers or reinsurers of the DEFENDANTS and any persons or entities referred to above, both in their representative and individual capacities. All references to the DEFENDANTS expressly include all of the aforementioned individuals, Defendants, and business entities, including any successor corporations or business entities.

### Section I – General Recitals & Representations

**1.1** PLAINTIFF has filed a lawsuit against the DEFENDANTS alleging claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). See Yanichel Castillo Morales v. It's Not the Same USA, LLC d/b/a Desigual and Isabel Aparicio, Case No. 15-22206-CIV-MARTINEZ/GOODMAN.

**1.2** The DEFENDANTS deny any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by PLAINTIFF against the DEFENDANTS, the parties have elected to voluntarily enter into this Agreement. PLAINTIFF agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by the DEFENDANTS.

**1.3** It is the desire of all parties to fully and finally settle and resolve any and all actual and potential claims and disputes that PLAINTIFF may have against the DEFENDANTS and/or the other released persons or entities (as defined herein). Accordingly, without admitting liability, the parties have reached this agreement and compromise after considering the expense and uncertainty of future proceedings, arbitration, litigation, trials, and appeals, and with the desire of resolving all of PLAINTIFF's pending or potential disputes, administrative matters, and litigation in their entirety, including the above-referenced allegations.

**1.4** In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, releases and waivers contained in this Agreement, the parties, intending to be legally bound, agree as follows:

### Section II – Release & Payment

**2.1** **Full and General Waiver of All Claims.** PLAINTIFF knowingly and voluntarily does hereby fully and generally release and waive any and all claims and actions against the DEFENDANTS, including but not limited to, claims arising out of PLAINTIFF's employment or relationship with the DEFENDANTS (including his separation from the DEFENDANTS) that he may now have against the DEFENDANTS regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of the DEFENDANTS or any of the DEFENDANTS' employees. PLAINTIFF expressly acknowledges and agrees that this release and waiver includes, but is not limited to, claims or lawsuits arising under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 (as amended), the Florida Civil Rights Act of 1992, the federal Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefits Protection Act of 1990 ("OWBPA"), the Equal Pay Act, the Pregnancy

PLAINTIFF                                                                                    IA   MSHS
                                                                                              DEFENDANTS

Discrimination Act ("PDA"), the National Labor Relations Act, the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act of 1993 ("FMLA"), the Florida Whistle-Blower Act, the Sarbanes-Oxley Act of 1992, the federal Employee Retirement Income Security Act of 1974 ("ERISA"), the Immigration and Nationality Act, the Occupational Safety and Health Act ("OSHA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the Worker Adjustment and Retraining Notification Act, the federal Fair Credit Reporting Act, the Fair Labor Standards Act ("FLSA")(as amended), The Florida Minimum Wage Act (§448.110 and §24, Article X of the Florida Constitution), Section 440.205, Florida Statutes, and any other federal or state statute or local ordinance. PLAINTIFF also expressly acknowledges and agrees that this release and waiver includes, but is not limited to, any statutory or common law causes of action including, without limitation, claims for unpaid wages (including minimum and overtime wages), claims for discrimination based on age, race, sex, national origin, disability, religion, veteran status, family status, marital status, or sexual orientation, claims for sexual harassment, retaliation, breach of contract (express or implied), unjust enrichment, breach of a covenant of good faith and fair dealing, inadequate notice, fraud, unpaid wages or commissions or bonuses, negligence, gross negligence, negligent hiring, training, retention and supervision, intentional infliction of emotional distress, wrongful or unlawful discharge, defamation, assault, battery, or personal injury. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. The listing of claims above is intended to be illustrative rather than exhaustive.

    2.2    DEFENDANTS knowingly and voluntarily do hereby fully and generally release and waive any and all claims and actions against the PLAINTIFF, including but not limited to, claims arising out of PLAINTIFF's employment or relationship with the DEFENDANT (including his separation from the DEFENDANTS) that it may now have against the PLAINTIFF regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered except as provided in paragraphs 2.3, 5.2, and 5.9-5.16 and except to enforce the provisions of this Agreement.

    2.3    **Court approval.** PLAINTIFF agrees to submit this settlement to the Court for approval in order to have the case dismissed with prejudice.

    2.4    **Covenant Not to Sue.** PLAINTIFF agrees that he will not sue the DEFENDANTS concerning any claim that he might now have against the DEFENDANTS including, but not limited to, any claims relating to PLAINTIFF's employment or relationship with the DEFENDANTS or the termination of that employment or relationship.

    2.5    **Complete Bar to Recovery.** PLAINTIFF agrees that with respect to the claims that he is waiving herein, he is waiving not only his right to recover money or other relief in any action that he might institute, but also that he is waiving any right to recover money or other relief in any action that might be brought on his behalf by any other person, entity, or agency, including but not limited to the United States Equal Opportunity Commission or any other federal, state or local government agency or department. However, this waiver does not affect the EEOC's rights and responsibilities to enforce the civil rights statute.

    2.6    **Consideration.** In exchange for: (1) PLAINTIFF's release and waiver of any and all claims (including those for attorneys' fees and costs) against the DEFENDANTS; and (2) all other promises PLAINTIFF has made herein (including, but not limited to, those relating to confidentiality), payment on behalf of the DEFENDANTS to PLAINTIFF (or on PLAINTIFF's behalf) in the total collective gross settlement value of TWENTY-SEVEN THOUSAND DOLLARS ($27,000) will be made. This total settlement sum will be broken down and paid as follows: (1) one check for $8,088.10 will be paid to PLAINTIFF (minus applicable employment taxes); (2) one check for $8,088.10 will be paid to PLAINTIFF (with no tax deductions being made); (3) and one check for $10,823.80 will be made payable to Diane Perez, P.A. This third check will be in settlement of any claims for attorneys' fees and costs attributable to PLAINTIFF's allegations in this matter, including those incurred by the law firm of Diane Perez, P.A. and any other attorney who may have represented PLAINTIFF. These three checks will be forwarded to PLAINTIFF's attorney within twenty (20) days of the Court's approval of this

_____                                                                                                         IA   MSHS
PLAINTIFF                                                                              DEFENDANTS

settlement and dismissal of the lawsuit with prejudice. If approved by the Court, the settlement checks will be mailed to Plaintiff's counsel's business address. For these settlement sums, a W-2 and a 1099 will be issued by the DEFENDANT DESIGUAL as appropriate.

**2.7    Consideration is Adequate, Ample and All Inclusive:** PLAINTIFF agrees and acknowledges that the sums paid to him (or on his behalf) under this Agreement constitutes adequate and ample consideration for this Agreement and for his obligations hereunder. PLAINTIFF understands and agrees that the sums paid to him under this Agreement is a benefit that PLAINTIFF is not already entitled to receive and which he would not receive but for his execution of this Agreement. *PLAINTIFF acknowledges that the benefit (consideration) afforded to him under this Agreement includes all costs and attorneys' fees and is all that he is entitled to receive from the DEFENDANTS as settlement of any and all claims of any kind that he has or may have against the DEFENDANTS, including any claims which PLAINTIFF has raised or alleged in this matter (or could have raised).* PLAINTIFF specifically agrees that the benefit afforded to him under this Agreement constitutes adequate and ample consideration for the rights and claims that he is releasing and waiving under this Agreement, and for the other obligations imposed upon her by this Agreement.

### Section III – Confidentiality & No Disparagement

**3.1    Confidentiality.** Despite the fact that this Agreement will be made part of the Court record, PLAINTIFF agrees and understands that the circumstances surrounding this lawsuit, his employment with the DEFENDANTS, and this Agreement are strictly and absolutely confidential. Notwithstanding any notations or filings in the judicial record, PLAINTIFF promises that he will not disclose the fact of or terms of this Agreement to anyone, unless ordered to do so by a court of competent jurisdiction. As is the case with all other provisions of this Agreement, Confidentiality is a material condition of this Agreement. PLAINTIFF agrees not to disclose or discuss this Agreement, the circumstances related thereto, or any information regarding the existence or substance of this Agreement to anyone except to an attorney and accountant with whom he chooses to consult regarding the execution of this Agreement. PLAINTIFF also agrees not to discuss his prior employment or relationship with the DEFENDANTS or any matters related to the DEFENDANTS. PLAINTIFF acknowledges that in response to any inquiries to him regarding the claims, his response will be limited solely to the following: "The matter has been resolved and I choose not to discuss it any further."

**3.2    No Encouragement of Claims or Litigation.** PLAINTIFF will not encourage, counsel or advise any person to file or bring any type of claim against the DEFENDANTS.

**3.3    Employment Verification.** Should a verification of Plaintiff's former employment be requested, PLAINTIFF shall direct any such request to Defendant Desigual's Human Resources Department, Maria Sanchez-Hidalgo HR Business Partner Manager in North America, 958 Avenue Of Americas, 4th Fl ,10001 New York City, NY, Telephone number 917-902-7635, which will provide Plaintiff's dates of employment and former job title of Store Manager.

### Section IV – General Provisions

**4.1    Encouragement to Consult Attorney / Time to Consider Agreement.** PLAINTIFF acknowledges that he was encouraged to consult an attorney before signing this Agreement. PLAINTIFF acknowledges that he has consulted an attorney before signing this Agreement. PLAINTIFF also acknowledges that he was given a reasonable period of time within which to review and consider this Agreement before signing it, and that he understands each term of the Agreement and his obligations hereunder.

**4.2    Breach of Agreement.** PLAINTIFF agrees that if he were to breach any of the promises set forth in this Agreement, including the confidentiality provisions in Section III, if permitted by law, the DEFENDANTS

PLAINTIFF                                                                                                    DEFENDANTS

shall have the right (among all other remedies available at law or equity) to seek recovery of liquidated damages in the amount of $16,176.20. In addition, should PLAINTIFF institute a lawsuit or cause a lawsuit to be instituted against the DEFENDANTS based upon any claims that he has released and waived in this Agreement, PLAINTIFF shall pay all costs and attorneys' fees incurred by the DEFENDANTS in defending against any such claim. PLAINTIFF further agrees that even if he violates the terms of this Agreement, the Agreement shall remain in full force and effect, including PLAINTIFF's release of all claims..

4.3   **Files and Neutral References.** PLAINTIFF agrees that the DEFENDANTS is not under any obligation to provide any files or records to any other person or entity related to services provided by PLAINTIFF to the DEFENDANTS, unless the DEFENDANTS are compelled by subpoena or ordered to do so by a court. PLAINTIFF agrees that the DEFENDANTS are under no obligation to provide any type of personal or professional reference to any person or entity except as provided in 3.3.

4.4   **Return of Documents and Property.** Along with the executed copy of this Agreement, PLAINTIFF agrees to return to the DEFENDANTS any and all property or documents belonging to the DEFENDANTS, including any confidential documents produced to PLAINTIFF during the course of this litigation (if any).

4.5   **Tax Implications of Settlement.** PLAINTIFF agrees and acknowledges that he bears the sole responsibility for paying any and all applicable federal, state or local taxes (if any are owing) under this Agreement.

4.6   **Effective Date.** This Agreement becomes effective and enforceable against PLAINTIFF upon his execution of the Agreement.

4.7   **Amendment.** This Agreement may not be amended except by written agreement signed by the DEFENDANTS and PLAINTIFF.

4.8   **Headings.** The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

4.9   **Governing Law, Severability, Interpretation and Construction.** This Agreement shall be governed and construed in accordance with the laws of the State of Florida. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal or unenforceable by a court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

4.10   **No Use of Document as Evidence.** This Agreement may only be used as evidence in a lawsuit alleging a breach of this Agreement or as a defense to any lawsuit brought by any party. Other than this exception, the parties agree that this Agreement will not be introduced as evidence in any proceeding or in any lawsuit.

### Section V – Representations & Warranties

5.1   **Capacity of the Parties.** PLAINTIFF represents and warrants to the DEFENDANTS that he has the full power, capacity, and authority to enter into this Agreement. PLAINTIFF also represents and warrants that no portion of any claim, right, demand, action, or cause of action that PLAINTIFF has or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no

PLAINTIFF                                                                                                         DEFENDANTS

releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of PLAINTIFF's claims released in this Agreement.

5.2  **Indemnification.** PLAINTIFF hereby agrees to indemnify, defend, and hold harmless the DEFENDANTS against any claim, loss, damage or expense brought or occasioned by or in connection with any claim for attorneys' fees, attorneys' charging liens, Social Security liens, subrogated claims of liens of any kind, or any other type of claim or lien or interest, or any other claim or lien or interest of collateral sources of third-party payers that are claimed by any entity or third-party payer to be related to the instant action. PLAINTIFF further agrees that in event any such claim, lien or subrogated interest is claimed against the DEFENDANTS, PLAINTIFF shall indemnify and defend the DEFENDANTS from any such payment or settlement or judgment which is or may be required or result from such claims, including costs, expenses and attorneys' fees attendant to the defense of such claims.

5.3  **Entire Agreement.** With the exception of any arbitration agreements, prior waivers, and/or any restrictive covenant agreements in place between PLAINTIFF and the DEFENDANTS (including, but not limited to those regarding confidential information, non-disclosure, non-solicitation, or non-competition), this Agreement sets forth the entire agreement between PLAINTIFF and the DEFENDANTS and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement. Any prior arbitration agreements, waivers and restrictive covenants remain in full force and effect. PLAINTIFF acknowledges that he has not relied on any representations, promises, or agreements of any kind that may have been made to him in connection with his decision to sign this Agreement, except for those expressly set forth in this Agreement.

5.4  **Binding on Plaintiff.** PLAINTIFF represents and warrants that he understands that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, this Agreement will remain binding and effective and the parties expressly accept and assume the risk of such possible differences and agree that this Agreement shall remain binding and effective, notwithstanding such potential differences.

5.5  **Full and Final Release.** PLAINTIFF represents and warrants to the DEFENDANTS that he understands and agrees that this Agreement shall act as a full and final release of all claims of every nature and kind whatsoever that have arisen, or that could have arisen between him and the DEFENDANTS, whether such claims are currently known or unknown, and whether they were foreseeable or unforeseeable.

5.6  **Recitals Incorporated.** All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

## MMSEA COMPLIANCE

5.7  For purposes of the Medicare, Medicaid and SCHIP Extension Act of 2007(MMSEA), the following definitions apply:

### DEFINITIONS

a.  "CMS" means the Centers for Medicare & Medicaid Services within the U.S. Department of Health and Human Services, including any agents, representatives, or contractors of CMS, such as the Coordination of Benefits Contractor ("COBC") or Medicare Secondary Payer Recovery Contractor ("MSPRC").

b.  "Conditional Payments" shall have the meaning ascribed to it under the MSP Statute and implementing regulations.

PLAINTIFF                                                                                              DEFENDANTS

c. "Medicare Beneficiary" or "Medicare Plaintiff" means any Plaintiff for whom Medicare has made Conditional Payments for the treatment of injuries arising out of or related to the Released Matters.

d. "MMSEA" means the Medicare, Medicaid, and SCHIP Extension Act of 2007 (P.L. 110-173), which, in part, amended the Medicare Secondary Payer statute at 42 U.S.C. § 1395y(b)(7) and (8). This portion of MMSEA is referred to herein as "Section 111 of MMSEA".

e. "MSP Statute" means the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. § 1395y(b).

f. "Released Matter" means any released accident, occurrence, injury, illness, disease, loss, claim, demand, or damages that are subject to the Agreement and releases herein.

g. "Releasees" means Defendants; its past, present and future officers, directors, employees, parent companies, subsidiaries, divisions, affiliates, insurers, and attorneys; and its respective predecessors, successors, and assigns.

5.8  Plaintiff represents and warrants that the information that appears in the Exhibit to this Agreement, including his name, gender, date of birth, and Social Security Number or Medicare Health Insurance Claim Number, and which is incorporated by reference as a part of this Agreement, is complete, accurate, and current as of the date of this Agreement.

5.9  Plaintiff represents and warrants that no Medicaid payments have been made to or on behalf of him and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any Released Matters. Plaintiff further agrees that he, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

5.10 To the extent that Plaintiff's representations and warranties related to his Medicare status and receipt of medical services and items related to the Released Matters are inaccurate, not current, or misleading, Plaintiff agrees to indemnify and hold harmless Releasees from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare and/or persons or entities acting on behalf of Medicare, arising from or related to this Release, the payment of the Settlement Amount, any Conditional Payments made by Medicare, or any medical expenses or payments arising from or related to any Released Matters, including but not limited to: (a) all claims and demands for reimbursement of Conditional Payments or for damages or double damages based upon any failure to reimburse Medicare for Conditional Payments; (b) all claims and demands for penalties based upon any failure to report, late reporting, or other noncompliance with or violation of Section 111 of MMSEA that is based in whole or in part upon late, inaccurate, or inadequate information provided to Releasees by Plaintiff or Plaintiff's Counsel or upon any failure of Plaintiff or Plaintiff's Counsel to provide information; and (c) all Medicaid liens. This indemnification obligation includes all damages, double damages, fines, penalties, attorneys' fees, costs, interest, expenses, and judgments incurred by or on behalf of Releasees in connection with such claims, demands, subrogated interests, or causes of action. Regardless of the accuracy of the representations and warranties made above, Plaintiff agrees to indemnify and hold Releasees harmless for taxes on the payments made to Plaintiff under this Agreement and any tax consequences related thereto, except those prohibited by law.

5.11 It is understood and agreed that: Releasees have relied expressly upon the promises, representations, and warranties made by Plaintiff and Plaintiff's Counsel in this Agreement and the Exhibit to this Agreement; that any breach of such promises, representations, and warranties would constitute a material breach of this Release; and that in the event of any such breach, Releasees shall be entitled to any and all of the following relief: (a) the immediate repayment to Releasees of the full Settlement Amount hereunder; (b) the indemnification and hold harmless protection set forth in Paragraph 10 above; (c) specific enforcement of all promises and

PLAINTIFF                                                                                              DEFENDANTS

undertakings made by Plaintiff and Plaintiff's Counsel hereunder; and (d) all other relief and damages available at law or in equity.

5.12   Included in this release is Plaintiff's release of any claim or cause of action that Plaintiff may have against Releasees under the MSP Statute, including any private cause of action under 42 U.S.C. § 1395y(b)(3)(A).

5.13   Plaintiff agrees to provide any and all additional information requested by Releasees as may be needed to determine or confirm Plaintiff's Medicare eligibility and enrollment status with CMS and to meet Releasees' reporting and reimbursement obligations (if any, including those that may arise after execution of this Agreement) under MMSEA Section 111, the MSP Statute and regulations, and CMS guidance, or to respond to any claim or demand asserting reporting violations, penalties, or reimbursement liabilities thereunder, within 10 days of such a request by Releasees. Such information may include, but is not limited to: information regarding any Released Matter; correspondence with CMS, the COBC, and/or the MSPRC related to the coordination of benefits (COB) for the medical services or items received by Plaintiff and related to the releases herein, including COB questionnaires and responses thereto, Rights and Responsibilities Brochures, Rights and Responsibilities Letters, Conditional Payment Letters, Conditional Payment Notices, Payment Summary Forms, Demand/Recovery Letters, Final Settlement Detail Documents, Relatedness Letters, Notices of Medicare Involvement, Intent to Refer Letters, and any related correspondence; and any other information regarding such medical services or items paid by Medicare, including ICD-9-CM codes.

5.14   This Agreement shall in all respects be interpreted, enforced, and governed under federal law to the extent federal law preempts state law.

5.15   Notwithstanding any other provision of this Agreement or any prior confidentiality agreement between or among any of the Parties: (a) Releasees may disclose information relating to this Agreement, and any information provided by Plaintiff or Plaintiff's Counsel, to Releasees' accountants, auditors, insurers and reinsurers and to government agencies as required by law; and (b) more specifically, Releasees may disclose such information for purposes of complying with any reporting and/or reimbursement obligations under the MSP Statute and MMSEA, or responding to any claim, demand, or audit asserting any reporting violations, penalties, or reimbursement liabilities thereunder, including but not limited to the disclosure of such information to the Department of Health and Human Services and/or CMS and any agents, representatives, or contractors of Releasees for such purposes. To the extent the permission of any court or government agency or a modification of any confidentiality order or protective order is needed to implement the purposes of this provision, each Party agrees to cooperate in seeking such permission or modification.

5.16   Plaintiff has relied upon the advice of his Counsel with respect to all aspects of this Agreement, including but not limited to the terms of and obligations arising under MMSEA, the MSP Statute, and CMS regulations and guidance with respect to the reimbursement of Medicare for Conditional Payments. It is understood and agreed that no mistake of law or mistake of fact, including but not limited to any mistake with respect to any obligation to reimburse Medicare for Conditional Payments or any mistake with respect to the amount of such obligation, shall constitute a basis for rescission or reformation or render any portion of this Agreement void or voidable.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE REFLECTION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE THE DEFENDANTS OF ANY AND ALL CLAIMS HE NOW HAS, HAD, OR MAY HAVE AGAINST THE DEFENDANTS. IN WITNESS WHEREOF, PLAINTIFF AND THE DEFENDANTS HAVE EXECUTED THIS AGREEMENT. PLAINTIFF KNOWINGLY AND VOLUNTARILY EXECUTES THIS WAIVER

_____                                                           _IA_  _MSHS_
PLAINTIFF                                                                                               DEFENDANTS

ON HIS OWN BEHALF AND ALSO ON BEHALF OF HIS HEIRS, AGENTS, REPRESENTATIVES, SUCCESSORS AND ASSIGNS THAT HE MIGHT HAVE NOW OR IN THE FUTURE. PLAINTIFF SPECIFICALLY ACKNOWLEDGES THAT HE HAS READ THIS AGREEMENT AND THAT HE UNDERSTANDS THE TERMS AND CONDITIONS OF THIS AGREEMENT.

| PLAINTIFF | ("DEFENDANTS") |
|---|---|
| By: Yanichel Castillo  *(signature)* | By: MARIA SANCHEZ - HIDALGO  MSH |
| Dated: Nov 24th, 2015 | Dated: Nov 25th 2015 |
| | By: *(signature)* |
| | Dated: Nov 25th 2015 |